IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, | Case No.: 2:14-cv-00721-JJT |
| Plaintiff, | **CONSENT DECREE** |
| vs. | |
| Murphy School District No. 21, | |
| Defendant. | |

United States Equal Employment Opportunity Commission (the "Commission" or "EEOC") filed this action against Murphy School District No. 21 ("Murphy" or "Defendant") to enforce the Age Discrimination in Employment Act of 1967 ("ADEA") and the Civil Rights Act of 1991, 42 U.S.C. §1981a. In its Complaint, the Commission alleged that Defendant promulgated and utilized a facially discriminatory Employee Early Retirement Plan which accorded greater benefits to younger employees based upon age to the disadvantage of older employees.

The parties do not object to the jurisdiction of the Court over this action and waive their rights to a hearing and the entry of findings of fact and conclusions of law.

In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be

resolved finally by entry of this Consent Decree ("Decree"). The parties do not object to the jurisdiction of the Court over this action and waive their rights to a hearing and the entry of findings of fact and conclusions of law. The parties agree that this Consent Decree is fair, reasonable, and equitable and does not violate the law or public policy.

It is hereby ORDERED, ADJUDGED AND DECREED:

1. This Decree resolves all claims of the Commission against Defendant, including back pay, front pay, interest, injunctive relief, attorney's fees and costs arising out of the issues in this lawsuit.

2. Defendant, and its successors and assigns for the duration of this Decree, are permanently enjoined from engaging in any employment practice that discriminates on the basis of age against individuals 40 years of age and older.

3. Defendant, and its successors and assigns for the duration of this Decree, are permanently enjoined from retaliating against any employee because he or she: (i) opposes or opposed discriminatory practices made unlawful by the ADEA; (ii) files or filed a charge of discrimination, assists or has assisted, participates or has participated in the filing of a charge of discrimination; or (iii) assists, assisted, participates or participated in an investigation or proceeding brought under the Federal laws prohibiting discrimination or retaliation.

4. Defendant, and its successors and assigns for the duration of this Decree, shall carry out policies, practices and programs which provide equal employment opportunities for individuals who are 40 years of age and older.

## MONETARY RELIEF

5. On or before December 10, 2014, Defendant shall make payment in the total amount of $138,000 in resolution of all claims asserted in this case. These payments shall constitute back pay as set forth on Attachment A.

6. The amount set forth in Paragraph 5 of this Decree shall be paid by Defendant in a check or money order payable to each of the Claimants.  Each such check or money order shall be mailed directly by Defendant to each of the Claimants, no later than thirty (30) days after the entry of this Consent Decree. The employee's portion of FUTA and FICA shall be deducted from the amount designated on Attachment A. Defendant shall pay all payroll taxes it owes on the back wages for the tax year during which payment is made.  Defendant will be responsible for paying the employer's share of FUTA and FICA taxes and the amount shall not be taken from the settlement amount.  By January 31, 2015, Defendant shall issue a United States Internal Revenue Service W2 form for the payment.

Within ten (10) business days of the issuance of the checks or money orders, Defendant shall submit a copy of the check or money order, and related correspondence, to the United States Equal Employment Opportunity Commission, Regional Attorney, 3300 North Central Avenue, Suite 690, Phoenix, Arizona, 85012.

7. Defendant shall not condition the receipt of this monetary relief on any Claimant's agreement to (a) waive his or her statutory right to file a charge with any federal or state anti-discrimination agency; or (b) waive his or her right to apply for a position with Defendant; or (c) maintain confidentiality.

## TRAINING

8. During the term of this Decree, Defendant shall provide annual training of at least two hours duration regarding the ADEA to all employees, starting within three (3) months of the entry of this Consent Decree. Defendant shall make this annual ADEA training mandatory for all employees as part of their annual training.

9. The trainer shall be selected by Defendant and approved the EEOC. The trainer shall be a qualified person with in-depth knowledge of the ADEA. Defendant shall submit the training agenda and the date(s) of the proposed training to the EEOC at least thirty (30) days prior to the proposed training.

10. In addition to the training referenced in Paragraph 8, all Human Resource Personnel, Supervisors, and Managers, Assistant Principals, Principals, Directors, Assistant Superintendents, Superintendents and Governing Board members who have responsibility for formulating policies regarding retirement and/or the reimbursement for unused leave, shall have an additional sixty (60) minute training annually concerning how policies should be drafted to conform to the ADEA and the regulations governing the ADEA, starting within ninety (90) days of the entry of this Consent Decree.

11. All personnel designated in Paragraphs 8 and 10 of this Decree shall both register and attend the seminar-training sessions, as required. The registry of attendance shall be retained by Defendant for the duration of the Decree.

12. The annual training to be conducted pursuant to Paragraph 8 shall include the subject of what constitutes age discrimination; that age discrimination in the recruitment, hiring, firing, layoff, compensation, early retirement incentive plans, retirement plans, assignment or other terms, conditions or privileges of employment

violates the ADEA, how to prevent age discrimination; how to provide a work environment free from age discrimination; to whom and by what means employees may complain if they believe they have been subjected to age discrimination in the workplace; Defendant's statutory obligations under the ADEA in general, and in particular its obligation not to discriminate on the basis of age in its early retirement and normal retirement plans and policies.

## OTHER RELIEF

13. Defendant shall revise its Early Retirement Incentive Policy and the Normal Retirement Policy to conform with the ADEA within thirty (30) days of the entry of this Consent Decree. Defendant shall send written Notice of the changes in these policies to all employees and all retirees within thirty five (35) days of the entry of this consent Decree. Defendant shall not reinstate the former Early Retirement Incentive Plan and the Normal Retirement Policy or adopt any other policies that violate the ADEA.

14. Within sixty (60) days of the entry of this Decree, Defendant shall review and modify, if necessary, all policies and practices to ensure a work environment free from age discrimination for its employees and to allow employees to raise concerns or complaints without retaliation about matters, whether alleged, perceived or actual, made unlawful by the ADEA. These written policies will include, at a minimum:

    A.    A commitment to a workplace free of age discrimination and retaliation;

    B.    Clear and complete definitions of age discrimination;

    C.    A clear and strong encouragement of persons who believe they have

been discriminated against on the basis of age or retaliated against to come forward;

     D.    A description of the consequences, up to and including termination, that will be imposed upon violators of the policy;

     E.    A promise of maximum feasible confidentiality for persons who believe that they have experienced age discrimination or retaliation;

     F.    An assurance of non-retaliation for witnesses of discrimination and persons who believe they have been discriminated against on the basis of their age and other federally-protected statutes;

     G.    A statement that age discrimination by all persons, including management officials, supervisors, is prohibited and will not be tolerated;

     H.    The identification of specific job titles, with their telephone numbers, to whom employees who have experienced age discrimination or retaliation can report the age discrimination or retaliation, including a written statement that the employee may report the discrimination to designated persons outside their chain of management;

     I.    Assurances that Defendant will investigate age discrimination and retaliation allegations promptly, fairly, reasonably, and effectively by appropriate investigators and that appropriate corrective action will be taken by Defendant to prohibit the age discrimination and retaliation.

15.    Defendant shall post for the duration of this Decree, in prominent places frequented by its employees, including, both at the time that this Decree becomes

effective and for the duration of this Decree, the Notice attached hereto as Attachment B. The Notice shall be the same type, style and size as set forth in Attachment B.

### REPORTING BY DEFENDANT

16. Defendant shall report in writing to the Regional Attorney of the Commission's Phoenix District Office at 3300 N. Central Ave., Suite 690, Phoenix, Arizona 85012, beginning six (6) months from the date of the entry of this Decree, and thereafter every six (6) months for the duration of the Decree the following information:

   A. Any changes, modifications, revocations, or revisions to its policies and procedures made pursuant to Paragraphs 13 and 14 of this Decree.

   B. A copy of the Notice sent to all employees and retirees pursuant to Paragraph 13 and a Declaration that the Notice was sent.

   C. Confirmation by a signed Declaration that the Notice required in Paragraph 15 of this Decree was posted and the locations where it was posted.

   D. Confirmation that Defendant's equal employment opportunity training has occurred pursuant to Paragraphs 8, 9, 10, 11 and 12 of this Decree.

17. Beginning six months after entry of this Consent Decree and every six months thereafter for the duration of the Decree, Defendant shall furnish the EEOC with reports reflecting the name, address and telephone number of each employee who retired during the preceding six month period, his/her age, date of birth, date of retirement, job title at the time of retirement, and the amount and calculations of retirement pay received. The last report under this paragraph shall be submitted to the EEOC two weeks prior to the date on which the Consent Decree is to expire.

## COSTS, DURATION AND ENFORCEMENT

18. The parties shall each bear their own costs, and attorneys' fees incurred as a result of this action through the filing of this Decree.

19. The duration of this Decree shall be four (4) years from its entry. This Court shall retain jurisdiction over this action for the duration of the Decree, during which the Commission may petition this Court for compliance with this Decree.

20. This Decree shall expire by its own terms at the end of forty-eight (48) months from the date of entry, without further action by the Parties.

21. If any provision(s) of this Consent Decree are found to be unlawful, only the specific provision(s) in question shall be affected and the other provisions shall remain in full force and effect.

22. The parties agree to entry of this Decree, subject to final approval by the Court.

## PENALTIES FOR NON-COMPLIANCE

23. This Court shall retain jurisdiction over this action for the duration of the Decree. During this time, the EEOC may petition this Court to order Defendant to comply with the Decree. Should the Court determine that Defendant has not complied with this Decree, appropriate relief, including extension of this Decree for such a period as may be necessary to remedy Defendant's non-compliance, may be ordered.

24. In the event that Defendant does not comply with any provision of this Decree, and the Commission petitions the Court to order Defendant to comply, Defendant shall pay all costs incurred by the Commission to enforce the Decree.

1  ENTERED AND ORDERED this 17th day of November, 2014

_____
Honorable John J. Tuchi
United States District Judge

APPROVED AND CONSENTED TO THIS 12th DAY OF November, 2014

_____
MARY JO O'NEILL
Regional Attorney

_____
MARK SOROKIN
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, AZ 85012
Attorneys for Plaintiff

_____
BRADLEY D. GARDNER
UDALL SHUMWAY
1138 N. Alma School Road #101
Mesa, AZ 85201
Attorneys for Defendant

_____
Lenora Jenkins
Superintendant
MURPHY SCHOOL DISTRICT NO. 21
2615 W. Buckeye Road
Phoenix, AZ 85009

## ATTACHMENT A

| Last Name | First Name | Payout due |
|---|---|---|
| Pinuelas | Alejandro | $5,476.22 |
| Reyes | Charlotte | $3,877.70 |
| Dulin | Lynne | $5,249.96 |
| Soto Ayers | Juanita | $9,186.01 |
| Wheeler | Steve | $4,402.49 |
| Henley | Lawrence | $2,588.27 |
| Delgado | Teresa | $1,089.64 |
| Brown | Lorinda | $11,809.73 |
| Mendez | Fernando | $7,277.07 |
| Brown | Brenda | $4,184.84 |
| Harper-Bey | Azetta | $9,175.50 |
| Kress | Lucina | $2,093.00 |
| Meyer | Mary | $8,129.28 |
| Kochery | Kathleen | $12,337.48 |
| Ochoa | Carmen | $10,768.45 |
| Valenzuela | Elisa | $2,175.02 |
| Reeves | Sharon | $7,592.57 |
| Palafox | Rosa | $5,876.80 |
| Malanche | Ludivina | $4,012.55 |
| Ramirez | Patsy | $10,751.75 |
| Cartwright | Chester | $2,660.37 |
| Kolvisto | Eleanor | $1,929.55 |
| Wisterman | Ralph | $5,355.76 |
| | TOTAL | $138,000 |

## ATTACHMENT B

## NOTICE TO ALL EMPLOYEES OF
## MURPHY SCHOOL DISTRICT NO. 21.

In settlement of the case EEOC v. Murphy School District No. 21 (2:14-cv-00721-JJT), Murphy Schools posts this Notice. It is unlawful under federal law, the Age Discrimination in Employment Act (ADEA) and state law to discriminate against an employee on the basis of age. It is also unlawful to retaliate against any person because the person protested discriminatory practices or contacted the EEOC.

Murphy School District No. 21 will not discriminate against any employee on the basis of age and will not retaliate against any employee particularly in its Normal Retirement Plan and its Early Retirement Incentive Plan, which have been revised in order to comply with the ADEA.

If you believe you have been discriminated against by Murphy School District No. 21 you have the right to seek assistance from:

(1) EEOC, 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012, (602) 640-5000; or

(2) Arizona Civil Rights Division (ACRD) of the Attorney General's Office, 1275 W. Washington, Phoenix, Arizona, 85007, (602) 255-5263.

You also have the right to file a charge with the EEOC or ACRD if you believe you are being discriminated against.

No Retaliation Clause. No action may be taken against you by any supervisory or management official of Murphy School District No. 21 for (1) opposing discriminatory practices made unlawful by federal law, (2) filing a charge or assisting or participating in the filing of a charge of discrimination, or (3) assisting or participating in an investigation or proceeding brought under the ADEA. Should any such retaliatory actions be taken against you, you should immediately contact the EEOC or the ACRD at the address or telephone numbers listed above.

Dated:_____

2816836.1

-11-